**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ADAM J. KUYKENDOLL,
Plaintiff,

vs.

SHAW INDUSTRIES, INC., *et al*.,
Defendants.

Case No. 1:25-cv-544
Hopkins, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, Adam J. Kuykendoll, proceeding pro se, brings this action against his former employer Shaw Industries, Inc. ("Shaw"), alleging unlawful employment practices including disability discrimination, failure to provide reasonable accommodation, retaliation, and hostile work environment. (Doc. 1 at PageID 8). On May 27, 2026, defendant Shaw filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b) alleging plaintiff failed to comply with Rules 15(a)(2) and 15(c). (Doc. 44). Plaintiff did not file a memorandum in response to defendant's motion to dismiss.

On July 6, 2026, the Court ordered plaintiff to show cause, in writing and within 21 days, why this case should not be dismissed for lack of prosecution. The Court advised plaintiff that his failure to file a response to defendant's motion to dismiss may warrant dismissal of his case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 48).

On July 16, 2026, plaintiff filed a "motion in opposition to show good cause." (Doc. 49). As best the Court can decipher, plaintiff's motion reasserts his previously denied requests for a temporary restraining order, preliminary injunction, and appointment of counsel. (*Id.* at PageID 1245, 1248-49). Plaintiff's motion does not address the Court's Order to Show Cause (Doc. 48), nor does it address the arguments in defendant's motion to dismiss (Doc. 44). Instead, the motion intersperses references to disability discrimination against defendant Shaw Industries,

Inc., with unrelated allegations of "AI generated nodes," cyberattacks, device tampering, altered birth certificates, and a purported exchange of "foreign assets" between the Ohio Civil Rights Commission and defendant. (Doc. 49 at PageID 1245-48). Plaintiff further attaches a list of dozens of unrelated national identification and financial-account categories, the relevance of which the Court cannot decipher. (*Id.* at PageID 1246-47). In short, the motion, read in its entirety, is largely incomprehensible and fails to respond to the Court's Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Rule 41(b) of the Federal Rules of Civil Procedure governs dismissal of actions by court order, and states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Plaintiff's failure to respond to the Order to Show Cause (Doc. 49) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Date: 7/31/2026

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ADAM J. KUYKENDOLL,
Plaintiff,

vs.

SHAW INDUSTRIES, INC., *et al*.,
Defendants.

Case No. 1:25-cv-544
Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).